373 Mich. 27 (1964)
127 N.W.2d 888
In re SKOOG ESTATE.
SKOOG
v.
WEDGE.
Calendar No. 10, Docket No. 50,306.
Supreme Court of Michigan.
Decided May 4, 1964.
Messner & LaBine (Theodore Messner, of counsel), for proponent plaintiff.
Michael J. Khoury (Ronald L. Greenberg, of counsel), for contesting defendant.
SMITH, J.
This will contest was certified from probate court to circuit court, tried without a jury, and from a judgment for proponent, a daughter of the testatrix, contestant appeals. The contestant, who is a son of the testatrix, Hilma Skoog, objects to the allowance of probate, alleging that the instrument was not signed by Hilma Skoog; further, that it was not executed according to statute. The contestant further contends that at the time of the will Mrs. Skoog was mentally incompetent, and that the instrument resulted from the undue influence of proponent.
The record discloses that at the time of the execution of the instrument in question Mrs. Skoog was bedridden and without the use of her right arm due to 2 previous paralytic strokes. The subscribing 2 witnesses, the wife of the scrivener and the former housekeeper of the deceased, testified to witnessing the will in the presence of, and at the request of Mrs. Skoog. Present also was the scrivener and the proponent. These witnesses further stated that *29 at the time Mrs. Skoog was of sound mind and that she had signed the instrument in their presence and in the presence of each other. These witnesses stated, however, that due to the physical infirmities of Mrs. Skoog, it was necessary for her to be assisted in signing the instrument and that the proponent rendered such assistance by holding and guiding the pen in her hand. Contestant presented only 1 witness, a handwriting expert, who testified that the signature on the will was not that of the testatrix.
As to the issue of "the questioned signature of testatrix," contestant contends as follows: "We do not argue that any guided hand or assisted signature is unworthy of probate. We argue that the evidence in this case supports, by a great preponderance of the evidence, that this questioned signature is unworthy of probate." Contestant's expert witness and authorities relied upon by contestant are quoted for the view that a guided or assisted signature would not exhibit "a continuous flow and easy going movement," but would be characterized by unevenness, pen lifts and lack of uniformity. In general opposition to contestant's presentation, is proponent's showing that 4 persons were present in the room and saw testatrix execute the instrument with the assistance of her daughter. The weight to be given testimony of a handwriting expert is for the trier of fact. Domzalski v. Jozefiak, 257 Mich 273. It is clear from the trial judge's opinion that he carefully considered the testimony of the expert but found that the testatrix had executed the will in accordance with the statute, CL 1948, § 702.5 (Stat Ann 1962 Rev § 27.3178 [75]), which, as applied to this case, provides that a will "be in writing and signed by the testator or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by 2 or more competent witnesses." Evidence is adequate *30 that the will was signed by testatrix, with assistance, and executed in accordance with the statute.
The other questions invoked by filed objections to probate of the will below and hence the only questions considered on this appeal have to do with the claim of mental incompetency and undue influence. Mental competency to execute a will is presumed and the burden of showing mental incompetency is upon those who contest the will. In re Kuzawa's Estate, 337 Mich 397. The former housekeeper of testatrix who, like the testatrix, was more conversant in the Finnish language talked with the testatrix in that language before the will was executed. She said the testatrix "talked so good and nice," and that she believed the testatrix was of sound mind and memory. The other subscribing witness, wife of the scrivener, fluent in both English and Finnish, also talked to the testatrix at the time the will was executed. This witness also expressed the belief that the testatrix was of sound and disposing mind and memory. This uncontradicted testimony was sufficient to sustain the trial court's finding, especially in view of the presumption of competency.
As to undue influence, there is simply no evidence of contestant's claim of undue influence. Contestant offers no testimony but suggests that out of the relationship in which proponent daughter assisted her aged, infirm mother "fraudulent conduct" may be inferred. There is no evidentiary basis for this claim. Undue influence cannot be predicated upon opportunity alone, nor upon conduct in the line of filial duty. Severance v. Severance, 90 Mich 417.
Affirmed. Costs to appellee.
KAVANAGH, C.J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.