DEWEY E. CRAWFORD, *et al.*, LEONARD

WAYNE MILLER, *et al.*

*v.*

LEONARD T. ROEDER

AND

THE B & O RY. CO., *etc.*

(No. 14366)

Decided January 20, 1982.

*Martin & Seibert, Clarence E. Martin, Jr., Clarence E. Martin, III,* for appellants.

*Charles F. Printz, Jr., Richard L. Douglas, Jr., Rice, Hannis & Douglas, Charles A. Kiser, William A. O'Brien, Rodgers, Kiser & O'Brien,* for appellees.

PER CURIAM:

This case involves a railroad crossing accident in which the driver and an occupant of a truck were struck by a railroad train. Two personal injury suits were prosecuted below, one by Dewey E. Crawford and Ruby Crawford and one by Leonard Miller and Linda Miller. Mrs. Crawford was dismissed as a party before trial; Mrs. Miller was dismissed at the conclusion of the plaintiffs' evidence. The jury returned a verdict of $150,000 for Mr. Crawford and

$25,000 for Mr. Miller. While there are numerous assignments of error, there is one which is dispositive of this appeal, and since the other assignments present no new questions of law and need not be addressed for the purposes of a new trial, we shall address the single reversible error alone.

The accident occurred on 10 November 1974 at 9:20 p.m. Mr. Crawford was driving a pickup truck owned by Mr. Miller, who was riding as a passenger. The truck was struck by a train as it crossed "Stewart's Crossing" in Berkeley County. Plaintiffs alleged that the railroad was negligent because the train did not sound its whistle, display its lights or travel at a safe speed. Additionally, plaintiffs alleged negligence because the railroad had not kept the view of the tracks unobstructed by foliage.

During the course of the trial the defendant called Mr. Crawford's former wife, Ruby, to the stand in order to elicit testimony from her that: (1) the brakes on the truck were inoperable; (2) both plaintiffs had been drinking before the accident; and (3) the truck did not stop before entering the crossing.

The difficulty with interrogating Mrs. Crawford was that she had been divorced from her husband after the accident under circumstances which generated enormous mutual hostility. In fact, the record indicates that she had been threatened about the consequences to her of her giving unfavorable testimony. Consequently, defendants' counsel was unaware whether Mrs. Crawford would testify favorably to the defendant in accordance with out-of-court statements which she had made to defendants' counsel or whether she would be either uncommunicative or actually hostile.

As the examination progressed it became increasingly apparent that Mrs. Crawford was under some duress and had been both coached and threatened by her husband to give testimony favorable to plaintiffs' case. Furthermore, it became apparent that counsel would need to question her as an adverse witness in order to elicit appropriate

responses from her. Alas for the poor defense counsel, it also became apparent that the out-of-court, prior inconsistent statements she had uttered were made to defense counsel himself alone. While this presented a potential mechanical problem with regard to the introduction of testimony about the prior inconsistent statements, the problem was not insurmountable.

In fact, the problem was entirely surmounted when the jury was asked to retire from the courtroom and defendants' counsel was permitted to vouch the record without the hindrance of continued hectoring from plaintiffs' counsel. Mrs Crawford had been riding in an automobile behind the plaintiffs' truck. In the course of the colloquy which ensued for the purpose of vouching the record Mrs. Crawford testified that the truck's brakes had not been working; that both plaintiffs had been drinking immediately before the accident; and she observed that her husband did not stop for the crossing.

Once the jury was excused and the colloquy for vouching the record was under way, Mrs. Crawford quite freely admitted the damaging evidence which defendants' counsel had sought to elicit. Consequently, the court was not required to rule on whether defendants' counsel could or should disqualify himself and take the stand in order to present the testimony concerning the prior inconsistent statement. After Mrs. Crawford testified that her former husband had been drinking, was driving a truck with no brakes, and had failed to stop at the crossing, defendants' counsel moved that she be permitted to testify to those facts before the jury. The circuit court refused to permit her to restate her testimony for the jury and that ruling, obviously, was error.

The plaintiffs assert that the trial court was correct in ruling that defendants could not introduce Mrs. Crawford's testimony because it had not been disclosed in defendants' response to interrogatories. Upon a review of the entire record, however, we find that there was no specific interrogatory which would have generated the information that Mrs. Crawford would be called as a hostile witness, since initially she was a party plaintiff

who both parties could reasonably believe would testify on the side of the plaintiffs. Furthermore, since the entire trial was focused upon the issues of negligence and contributory negligence and since all of the witnesses who could in the least degree illuminate inconsistencies or inaccuracies in Mrs. Crawford's testimony were in court, we cannot conceive that there was any surprise. Finally, we find it difficult to fathom how plaintiffs' counsel could argue with a straight face that they were surprised by the testimony of a witness who was originally a party plaintiff.

The exclusion of Mrs. Crawford's testimony was reversible error. The evidence in this case was hotly contested and Mrs. Crawford, viewing the accident from the perspective of a driver immediately behind the truck when it was hit, was able to give evidence on the central issue in the case, namely whether the truck stopped before entering the crossing. Furthermore, she had been with the plaintiffs immediately before the accident and had firsthand knowledge of whether they were intoxicated. If this evidence had been presented to the jury it might well have had a substantial effect upon the outcome of the case.

As this Court said in Syl. pt. 5 of *Maxwell v. Kent*, 49 W. Va. 542, 39 S.E. 174 (1901):

> "When evidence is excluded, and the action of the court in excluding it is relied upon in the appellate court, it must appear on the record that the evidence rejected was or would have been relevant, material, and important, to make its rejection available as a ground of error."

Accordingly for the reasons set forth above the judgment of the Circuit Court of Berkeley County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*