# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stacy Renee McGhee, individually
and as Guardian and Next Friend
of A.H., a minor,
Plaintiff Below, Petitioner**

**FILED**

**June 17, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0765** (Putnam County 12-C-108)

**Jennifer Renee Smith and Dale G. Smith,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Stacy Renee McGhee and A.H.,[1] by counsel Troy N. Giatras and Matthew Stonestreet, appeal the July 1, 2015, and June 8, 2015, orders of the Circuit Court of Putnam County that denied petitioners' motion for new trial, after a jury verdict in this civil action. Respondents Jennifer Renee Smith and Dale G. Smith, by counsel David C. Ray, filed a response. Petitioner filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the trial court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 12, 2010, the parties were involved in a car accident on Main Street in Hurricane, West Virginia. Respondent Jennifer Smith was driving a vehicle that struck Petitioner Stacy McGhee's ("Petitioner McGhee") vehicle from behind. Petitioner McGhee asserts that as a result of the accident, she suffered injuries to her neck, back, right hip, and right foot.[2] As a result of her injuries petitioner filed suit on April 10, 2012. Petitioner McGhee also claimed in her suit that her minor son, A.H., who is also a party to this suit, suffered a loss of his mother's consortium due to the injuries incurred by the accident.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] As discussed herein, one disputed issue at trial involved the origins of the injury to petitioner's foot, and the subsequent treatment of that foot injury.

1

During discovery, petitioners filed requests for admission pursuant to Rule 36 of the West Virginia Rules of Civil Procedure. With respect to fault for the collision, respondent Jennifer Smith denied that she was entirely at fault for the collision, denied that she was not paying attention, and denied that Petitioner McGhee did not contribute to the cause of the collision. The parties continued discovery in that matter, and in her deposition, Respondent Jennifer Smith testified consistently with her responses in the requests for admission, stating that she did not believe that she was entirely at fault for the collision. At her deposition, respondent claimed that she believed that petitioner lied about the cause of the collision in order to get money, and that petitioner was fifty percent responsible for the collision.

Three days before trial, respondent Jennifer Smith filed a stipulation that stated that, "Jennifer Renee Smith's negligence was the cause of the motor vehicle accident that occurred on April 12, 2010 at the intersection of Main Street and U.S. Route 60 in Hurricane, Putnam County, West Virginia that is the subject of this civil action." Respondents admitted this evidentiary statement into evidence at trial, but neither respondent testified at trial. Prior to trial, with regard to respondent Jennifer Smith's stipulation, the trial court ruled that petitioner's counsel could cross-examine respondent as to any prior inconsistent statements. However, petitioner did not call Respondent Jennifer Smith as a witness at trial, and respondent did not testify on her own behalf.

Petitioner Stacy McGhee testified at trial and presented the testimony of two of her treating physicians, Dr. Marinacci, and Dr. Smith, as well as other witnesses who testified to her condition. Petitioner's expert witnesses testified that they believed the car accident to be the cause of petitioner's injuries. In spite of Respondent Jennifer Smith's admission of negligence, respondents still denied that Respondent Jennifer Smith solely caused the accident and petitioner's injuries. Respondents presented the testimony of their own expert, Dr. Mark Younis who asserted that he did not believe that petitioner's foot fracture was the result of the car accident. The parties also presented testimony regarding petitioner Stacy McGhee's past drug addiction and rehabilitation. Respondents offered that evidence in order to disprove Petitioner A.H.'s loss of consortium claim, and to explain to the jury why a scheduled foot surgery for petitioner was re-scheduled. Prior to trial, petitioner filed a motion in limine to exclude that evidence. That motion was denied.

The jury returned a unanimous verdict in favor of petitioner. According to the judgment order entered July 23, 2014, the original verdict returned was for the amount of $6,299.00. That amount included past medical expenses in the amount of $5,699.00, and $600.00 for annoyance and inconvenience. The trial court was of the opinion that the jury's verdict was insufficient and "that the jury must award some amount for past pain and suffering," and ordered the jury to reconsider their verdict. The jury resumed deliberations and returned awarding an additional $500.00 to petitioner for pain and suffering.

Petitioner filed a post-trial motion for a new trial and motion for attorney's fees and costs. Petitioner alleged in her motion for new trial that the trial court erred in admitting testimony regarding petitioner's prior drug rehabilitation, erred by denying petitioner the right to cross-examine Respondent Jennifer Smith, and erred by allowing Dr. Younis to espouse opinions that were outside of his area of expertise, and not previously disclosed to petitioner. The trial court

found that the issue of petitioner's prior drug addiction and rehabilitation was relevant to A.H.'s loss of parental consortium claim. The trial court also found that it did not prevent petitioner from calling respondent as a witness, and that Dr. Younis disclosed in his initial expert report the opinion that he provided at trial - that he did not believe petitioner's injury was the result of the car accident. Accordingly, the trial court denied petitioner's motion for a new trial in an order entered on June 8, 2015.

Petitioners moved for attorney's fees, arguing that the stipulation entered by respondent was entered in bad faith, and that pursuant to Rule 37(c) of the West Virginia Rules of Civil Procedure, petitioners were entitled to mandatory attorney's fees. The trial court denied that motion in an order entered on July 1, 2015, and found that respondents had a good faith basis to deny the requests for admission, but later stipulate as to liability, as respondent's mother-in-law, who was an eyewitness to the collision, was no longer available to testify at trial. Petitioners now appeal the July 1, 2015, and June 8, 2015, orders of the Circuit Court of Putnam County.

Petitioners assert four assignments of error on appeal. Petitioners argue that the trial court abused its discretion (1) when it failed to award mandatory sanctions pursuant to Rule 37(c) of the West Virginia Rules of Civil Procedure after petitioner proved respondent's responses to requests for admissions were false; (2) when it permitted the jury to hear irrelevant and unduly prejudicial information concerning Petitioner Stacy McGhee's prior substance abuse treatment; (3) when it denied petitioners the opportunity to cross-examine respondent, whose evidentiary statements were admitted to the jury in the form of a stipulation; and (4) when it permitted respondent's expert to testify on undisclosed opinions at trial and to offer opinions outside the scope of his area of expertise.

Petitioners first claim that they are entitled to mandatory sanctions pursuant to Rule 37(c) of the West Virginia Rules of Civil Procedure because petitioner was able to prove that Respondent Jennifer Smith's responses to requests for admission were false. Because Respondent Jennifer Smith did not admit in her responses to interrogatories that her actions were the sole cause of the collision, but later in a stipulation admitted negligence, petitioners argue that mandatory sanctions are proper. Rule 37(c) of the West Virginia Rules of Civil Procedure states,

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. **The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.**

(emphasis added). Respondents counter that they had a good faith basis to deny the original requests for admission, in that Respondent Jennifer Smith continuously asserted that she was not solely at fault for the accident, and that petitioner contributed to the cause of the collision.

Respondents add that they learned prior to trial, a key witness would be unable to testify, and that as a result, Jennifer Smith chose to stipulate liability, in order to avoid a lengthy trial.

We have held in regard to the decision to award attorney fees and costs:

[t]his Court has indicated previously that in reviewing the ruling of a trial court with respect to costs and attorney fees in cases such as the one now before this Court, the standard is whether such ruling by the trial court constitutes an abuse of discretion. *Sandusky v. Sandusky*, [166] W.Va. [383, 387-388], 271 S.E.2d 434, 438 (1981); *Johnson v. Johnson*, 159 W.Va. 434, [436-437,] 223 S.E.2d 195, 197 (1976); Syl. pt. 3, *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959).

*Hopkins v. Yarbrough*, 168 W.Va. 480, 489, 284 S.E.2d 907, 912 (1981).

The record reflects that Respondent Jennifer Smith, initially denied full responsibility for the accident, stating that she believed Petitioner McGhee "caused or contributed to" the accident, in discovery responses as well as in her deposition. Further, Respondent Jennifer Smith averred that a change in circumstances required her to change her trial strategy-Smith's mother-in-law, who was a front-seat passenger in the vehicle, and eye-witness to the accident, experienced "heart-related health issues" and was caring for a seriously ill family member. She further averred that in an attempt to avoid the possibility of her mother-in-law being called as a witness during a particularly difficult time, she chose to stipulate as to liability. We agree that Respondent Jennifer Smith had a good faith basis to initially deny the requests for admission, and find that there is no evidence that the trial court abused its discretion in refusing to award costs and attorney's fees to petitioner. Accordingly, we decline to overrule the trial court on that ground.

Petitioners' final three assignments of error relate to the admission, or exclusion of evidence. We have held,

""""[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. pt. 5, *Casto v. Martin,* 159 W.Va. 761, 230 S.E.2d 722 (1976) citing Syl. pt. 10, *State v. Huffman,* 141 W.Va. 55, 87 S.E.2d 541 (1955).' Syllabus Point 2, *State v. Rector,* 167 W.Va. 748, 280 S.E.2d 597 (1981)." Syllabus Point 3, *State v. Oldaker,* 172 W.Va. 258, 304 S.E.2d 843 (1983).

Syl. Pt. 7, *State ex rel. Weirton Med. Ctr. v. Mazzone*, 214 W.Va. 146, 587 S.E.2d 122 (2002). We will address each issue separately.

Petitioners first argue as an assignment of error that the trial court erred in admitting testimony regarding Petitioner McGhee's prior substance abuse treatment. Petitioners assert that this evidence was impermissible character evidence, introduced in violation of Rule 404(b) of the West Virginia Rules of Evidence. Respondents counter, and the trial court found, that this was not inadmissible character evidence that required a 404(b) analysis, and that the evidence was relevant as it explained why Petitioner McGhee did not have foot surgery, which was

4

recommended due to injuries allegedly sustained by Petitioner McGhee from the motor vehicle accident.

We agree with the trial court that this evidence was not impermissible character evidence, submitted under Rule 404(b), and was relevant evidence to facts at issue in this matter. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. W.Va.R.Evid. 401. In the instant case, the record reflects that Dr. Smith recommended that Petitioner McGhee have surgery on her foot, and that with rehabilitation, Petitioner McGhee would successfully recover from her injury. According to the trial court, Dr. Smith's medical records indicate that Petitioner McGhee contacted Dr. Smith and told her that she had not taken her methadone prescription for approximately one week, and requested Dr. Smith's approval to take one of her mother's Klonopin pills.[3] The record reflects further that as a result of that conversation, Dr. Smith cancelled the surgery, noting in her records, "I have recommended we cancel her surgery because she will require pain medication post-op and she is too fragile right now. She will likely abuse them in the situation she is now."

It is clear that the trial court did not abuse its discretion by admitting this evidence. The trial court held, and we agree, that the evidence regarding petitioner's prior addiction was relevant to explain why Dr. Smith cancelled Petitioner McGhee's foot surgery, which was necessary due to alleged injuries sustained during the accident. Further, the issue of Petitioner McGhee's prior addiction and rehabilitation was relevant to petitioner A.H's loss of parental consortium claim, as the alleged loss of consortium claim raised the issue of the nature and care that A.H. received from his mother in and around the time of the subject accident. Accordingly, we find the trial court did not abuse its discretion by admitting this evidence.

Petitioners claim as a third assignment of error that the trial court erred by refusing to allow petitioners' counsel to cross-examine Respondent Jennifer Smith on the issue of liability. Petitioners argue that under Rule 611 of the West Virginia Rules of Evidence, a party is entitled to call an adverse party and interrogate that party by leading questions. In response, respondents assert that due to the Respondent Jennifer Smith's stipulation as to liability, the trial court only ruled that petitioners' counsel could not question Respondent Jennifer Smith as to liability, but that petitioner's counsel was welcome to cross-examine her regarding prior inconsistent statements.

We agree with respondent and find no error. The trial court held,

---

[3] A copy of the subject medical records is not included in the appendix for review. This Court has previously recognized an appealing party's responsibility to ensure that the record on appeal supports his/her request for relief. *See* Syl. Pt. 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966). ("An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.")

5

"All right. Mr. Giatras, I'm not going to allow you to cross-examine her on the liability issues if there's a stipulation as to liability. And if there's prior inconsistent state – I mean, I'll give you some leeway to cross-examine about prior inconsistent statements because, you know, I think credibility is always an issue. . . ."

In spite of petitioners' allegation, there is simply no evidence to suggest that petitioners were prevented by the trial court from calling Respondent Jennifer Smith as a witness in violation of Rule 611 of the Rules of Evidence. In fact, the record reflects that petitioners did not attempt to call Respondent Jennifer Smith as a witness. Petitioners cannot now complain that they were prevented from cross-examining the witness, when the trial court expressly held that petitioners counsel could call the witness and cross-examine her as to prior inconsistent statements. We have held that "'[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.' Syllabus Point 1, *Maples v. West Virginia Dep't of Commerce,* 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W.Va. 213, 215, 719 S.E.2d 381, 383 (2011). Thus, we find this assignment of error lacks merit and decline to reverse on this ground.

Finally, petitioners allege that the trial court improperly allowed the testimony of Dr. Younis. Petitioners claim that Dr. Younis testified to matters outside the scope of his expertise, and that the opinion expressed by Dr. Younis was not disclosed to petitioners prior to trial. Dr. Younis testified that he performed a medical records review, including various x-rays of Petitioner McGhee's foot, and that based upon his review of the records, as well as his education, training, and experience, he did not believe that the fracture was caused by the subject motor vehicle accident. This testimony contradicted the testimony of petitioners' treating physicians, Dr. Smith, and Dr. Marinacci, who testified that the subject motor vehicle accident was the proximate cause of Petitioner McGhee's injuries.

The trial court found that petitioner was not prejudiced as the jury had the benefit of hearing from expert witnesses presented by both parties, and that the jury was able to properly evaluate the credibility of the testimony of the witnesses. The trial court also reviewed Dr. Younis's initial expert report, and found that Dr. Younis stated in that report that in his opinion, the subject motor vehicle accident did not cause petitioner McGhee's injuries. We agree with the trial court. First, petitioners are mistaken in their assertion that Dr. Younis did not provide his opinion in his initial report. Our review of Dr. Younis' initial report reveals that Dr. Younis opined that he "completely disagreed" with Dr. Marinacci's assessment that Petitioner McGhee's injuries were related to the motor vehicle accident; and noted further that these types of injuries are often immediately reported due to their painful nature, and the inability of a patient to bear weight upon the injured limb immediately following the injury. Dr. Younis noted further that Petitioner McGhee made no mention of any foot pain in her first five visits to Dr. Marinacci after the accident, a period encompassing six weeks.

Next, there is no evidence that the trial court abused its discretion in admitting this opinion testimony by Dr. Younis. The record reflects that Dr. Younis is an experienced radiologist, and in his career has reviewed more than 10,000 radiological examinations of individuals' feet. We have held, that

"'[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong.' Syl. pt. 6, *Helmick v. Potomac Edison Co.,* 185 W.Va. 269, 406 S.E.2d 700, *cert denied,* 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991)."

Syl. Pt. 3, *State ex rel. Jones v. Recht*, 221 W.Va. 380, 655 S.E.2d 126 (2007). Petitioners fail to demonstrate how the trial court abused its discretion in admitting this testimony, particularly in light of the evidence presented by petitioners, in which two of petitioners' physician witnesses testified consistently with petitioners' assertions that her injury was caused by the motor vehicle accident. Finally,

"[t]he testimony of expert witnesses on an issue is not exclusive, and does not necessarily destroy the force or credibility of other testimony. The jury has a right to weigh the testimony of all witnesses, experts and otherwise; and the same rule applies as to the weight and credibility of such testimony." Syl. pt. 2, *Webb v. Chesapeake & Ohio Railway Company*, 105 W.Va. 555, 144 S.E. 100 (1928).

Syl. Pt. 2, *Papenhaus v. Combs*, 170 W.Va. 211, 292 S.E.2d 621 (1982). Accordingly, we find that petitioners' argument lacks merit and decline to reverse the trial court on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 17, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman

7