# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Lisa Brown, Individually and as the
Administrator of the Estate of Ronald Brown,
Plaintiff Below, Petitioner

**FILED**

**September 1, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 16-0572 (Berkley County 13-C-850)

Berkeley Family Medicine Associates, Inc., and Heather Jewell, PA-C.,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Lisa Brown, Individually, and as the Administrator of the Estate of Ronald Brown, by counsel Christopher T. Nace, appeals the Circuit Court of Berkley County's May 12, 2016, order denying her motion for new trial. Respondent Berkeley Family Medicine Associates, Inc. ("BFMA") and Heather Jewell, PA-C, by counsel Curtis G. Power, III, filed a response in support of the circuit court's order. Petitioner filed a reply. Petitioner contends that the circuit court erred in denying her motion for new trial and in admitting and excluding certain evidence at trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 12, 2011, petitioner's decedent presented at BFMA with complaints of coughing, shortness of breath, and chest pain, and was seen by Respondent Jewell. During her treatment of the decedent, Respondent Jewell obtained a medical history from him, noting his use of Enbrel, a potentially immunosuppressive drug. Following her initial clinical examination of the decedent, Respondent Jewell noted that he did not physically appear ill; exhibited no confusion, kidney dysfunction, or blood pressure abnormalities; and had a temperature of only 99.5 degrees. Upon listening to the decedent's breathing, Respondent Jewell detected a crackling sound consistent with inflammation or infection in the lungs and ordered a chest x-ray. Based upon the results of the x-ray, Respondent Jewell sent the decedent directly to Berkeley Medical Center for a CT scan of his chest. The CT scan results were read by a radiologist and noted to be consistent with pneumonitis of uncertain etiology.

Following his x-ray, CT scan, and clinical examination, the decedent was prescribed an antibiotic, Levaquin, and a follow-up appointment was made for his return to BFMA on August

1

17, 2011. The decedent was directed to return to BFMA earlier if his condition deteriorated or persisted.

By August 16, 2017, the decedent's condition had deteriorated such that he was unable to climb stairs at his home. When he returned to BFMA for his follow-up appointment on August 17, 2011, he complained of shortness of breath and decreased appetite. The decedent was transported directly from BFMA to City Hospital, by ambulance, where, on August 21, 2011, he died.

On July 29, 2013, petitioner initiated the underlying action by sending a notice of claim to respondents, pursuant to West Virginia Code § 55-7B-6. On November 21, 2013, petitioner filed the underlying complaint against respondents in the Circuit Court of Berkeley County. In addition to Respondents Jewell and BFMA, petitioner named Dr. Harvey Reisenweber of BFMA as a defendant. Petitioner alleged that Respondents BFMA and Heather Jewell deviated from the accepted standard of care in their treatment of the decedent, proximately causing or contributing to his death. Petitioner further alleged that BFMA and Dr. Reisenweber negligently supervised Respondent Jewell. Ultimately, prior to trial, Dr. Reisenweber was dismissed as a party defendant.

During pre-trial proceedings, on February 26, 2016, respondents filed motions in limine. In these motions, respondents sought to exclude or limit petitioner from presenting certain evidence and making certain inferences at trial. Among these motions was a motion to prohibit petitioner from arguing that jurors had the power to improve the personal and community safety of jury members by reaching a verdict that would reduce or eliminate allegedly dangerous or unsafe conduct. Respondents contend that such an argument encourages jurors to depart from impartiality. The circuit court held a hearing on respondents' motions on March 21, 2016, following which, the circuit court denied, in part, respondents' motions, but granted respondents leave to renew the same by timely objection at trial.

Trial began on March 22, 2016. During his opening statement, petitioner's counsel likened the standard of care to be adhered by medical professionals as a "rule". In response to an objection made by respondents' counsel, the circuit court ruled that the standard of care must be described to the jury, by both parties, simply as a standard of care, not a rule. Additionally, in response to another objection made by respondents, petitioner's counsel was cautioned by the court to refrain from using the term "danger" or "dangerous" to describe the decedent's medical condition.

At the conclusion of the four-day trial, the jury returned a verdict determining that Respondent Jewell deviated from the accepted standard of care in her treatment of petitioner's decedent, but that such deviation did not proximately cause or contribute to the decedent's death. Further, the jury determined that BFMA did not deviate from the accepted standard of care in its treatment of petitioner's decedent. Thereafter, petitioner filed a motion for new trial, to which respondents replied. By order dated May 12, 2016, the circuit court denied petitioner's motion. It is from this order that petitioner now appeals.

With respect to our review of an order denying a motion for new trial, we have held that

"the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, in part, *Sanders v. Georgia-Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976).

*Sydenstricker v. Mohan*, 217 W. Va. 552, 556-57, 618 S.E.2d 561, 565-66 (2005). We have further explained that,

[a]s a general proposition, we review a circuit court's ruling on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994) (Asbestos Litigation). Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusions as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

*Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 104, 459 S.E.2d 374, 381 (1995). We further note this Court's precedent favoring the support of jury verdicts and affirmation of such verdicts unless there are compelling reasons to set the verdict aside. *Accord* Syl. Pt. 2, *Stephens v. Bartlett*, 118 W. Va. 421, 191 S.E.2d 550 (1937). With these standards in mind, we begin our review of the issues raised by this appeal.

Petitioner raises nine assignments of error. In her first assignment of error, petitioner argues that the trial court erroneously placed limits on petitioner's ability to present her case by arbitrarily selecting words and phrases petitioner's counsel could not use, such as "rule," "danger," and "dangerous." Petitioner argues that respondents were not prejudiced by her use of such terms, as they were free to make contrasting arguments to the jury. In contrast, respondents argue that the circuit court did not err in limiting petitioner from making potentially misleading and inflammatory statements to the jury. We agree with respondents.

This Court has held that

"'[t]he discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom.' Syl. Pt. 3, *State v. Boggs*, 103 W.Va. 641, 138 S.E. 321 (1927)."

Syl. Pt. 1, *Jones v. Setser*, 224 W. Va. 483, 686 S.E.2d 623 (2009). Further, we have ruled that

[g]reat latitude is allowed counsel in argument of cases, but counsel must keep within the evidence, not make statements calculated to inflame, prejudice or mislead the jury, nor permit or encourage witnesses to make remarks which

3

would have a tendency to inflame, prejudice or mislead the jury. Syl. Pt. 2, *State v. Kennedy*, 162 W.Va. 244, 249 S.E.2d 188 (1978).

Syl. Pt. 2, *Jones*.

Here, based upon our review, we find that the circuit court did not err in prohibiting petitioner from using certain terms that were potentially confusing and misleading to jurors. Petitioner was not prejudiced and manifest injustice did not result from the circuit court's ruling. Petitioner was afforded the opportunity to present her arguments and her case in a fair and impartial manner, free from arguably confusing or misleading inferences.

Petitioner's assignment of error numbers two, three, four, six, and seven each relate to the admission or exclusion of evidence. We have held that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 1, *State v. Varlas*, 237 W. Va. 399, 787 S.E.2d 670 (2016) (citation omitted). Indeed, "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 5, *Casto v. Martin*, 159 W. Va. 761, 230 S.E.2d 722 (1976). *Accord* Syl. Pt. 7, *State ex rel. Weirton Med. Ctr. v. Mazzone*, 214 W. Va. 146, 587 S.E.2d 122 (2002).

In assignment of error number two, petitioner argues that the circuit court erred in excluding a copy of West Virginia Code § 30-3-16, repealed in 2014, governing physician assistants. Petitioner's expert identified West Virginia Code § 30-3-16 as comporting with what he believed was Respondent Jewell's required standard of care. As such, petitioner argues that the statute was relevant and the circuit court erred in failing to permit a copy of the same to be admitted as a trial exhibit. Conversely, respondents argue that admitting a copy of West Virginia Code § 30-3-16 was unnecessary, as petitioner read into the record portions of the statute while questioning her expert. Further, respondents allege that the introduction of a copy of West Virginia Code § 30-3-16 could possibly mislead the jury to conclude that the statute was the statement of law as to what comprised the applicable standard of care. The trial court found, and we agree, that given the possibility of confusion that may arise for the jury if a copy of the statute was admitted into evidence, it was properly excluded. Petitioner read the relevant portions of the statute into the record and was provided the opportunity to question her expert regarding the statute. Thus, we find that the circuit court did not abuse its discretion in excluding this evidence.

Petitioner claims, in her third assignment of error, that the circuit court erred in excluding a copy of the BFMA's physician assistant job description, which respondents provided to petitioner in discovery. Petitioner argues that the job description was admissible as it was relevant to the issues in dispute in this case. Respondent argues that the job description was not relevant, as it was not the job description in effect at the period herein, but, rather, was a subsequent revision. After hearing the arguments of counsel, the circuit court found that the job description was not relevant, on the basis put forth by respondent. The court excluded the job description as a trial exhibit. Based upon our review of the record, it is clear that petitioner was provided the opportunity to question her expert and Respondent Jewell regarding this job description, and was further permitted to read portions of the job description into the record;

4

thus, we find no error. The circuit court validly exercised its discretion in excluding the job description as a trial exhibit.

In her fourth assignment of error, petitioner argues that the trial court erred in allowing respondents' expert, an expert in family practice medicine, to offer testimony as to the radiologist's impressions. In permitting such testimony, petitioner contends that the circuit court allowed respondents' expert to interject into the case that the radiologist agreed with Respondent Jewell's treatment plan for the decedent. Respondents argue that the testimony of their expert was properly admitted. Under direct examination, respondents' expert was asked to provide his interpretation of a CT scan report that formed the basis, in part, of Respondent Jewell's treatment plan. Respondents' expert was asked what his reading of the report "implied to him." We find that this evidence was properly admitted. After hearing the arguments of counsel and context of the testimony at issue, the circuit court found that respondents' expert testified not to what the radiologist was thinking, but rather to the expert's own interpretation of the report issued by the radiologist. Accordingly, there was no error.

Petitioner next argues, in assignment of error numbers six and seven that the circuit court erred in admitting the testimony of Dr. Reisenweber, who served as Respondent Jewell's supervising physician at BFMA. As these assignments of error relate to similar issues, we will address them concurrently. In assignment of error number six, petitioner argued that the circuit court erred in permitting Dr. Reisenweber to testify regarding his belief that Respondent Jewell was a careful individual and an outstanding physician assistant. In assignment of error number seven, petitioner contends that the circuit court erred in permitting Dr. Reisenweber to testify regarding the treatment plan he would have developed for the decedent.

We find that the evidence at issue was admissible pursuant to Rules 701 and 702 of the West Virginia Rules of Evidence. We have held that

> '[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong.' Syl. pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700, *cert denied*, 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991).

Syl. Pt. 3, *State ex rel. Jones v. Recht*, 221 W. Va. 380, 655 S.E.2d 126 (2007). Further, we have noted that

> "[t]he testimony of expert witnesses on an issue is not exclusive, and does not necessarily destroy the force or credibility of other testimony. The jury has a right to weigh the testimony of all witnesses, experts and otherwise; and the same rule applies to the weight and credibility of such testimony." Syl. pt. 2, *Webb v. Chesapeake & Ohio Railway Company*, 105 W.Va. 555, 144 S.E. 100 (1928).

Syl. Pt. 2, *Papenhaus v. Combs*, 170 W. Va. 211, 292 S.E.2d 621 (1982). Here, respondents identified Dr. Reisenweber as an expert witness. Because of his day-to-day interactions with Respondent Jewell, Dr. Reisenweber was permitted to testify, not to Respondent Jewell's

5

character, but to her clinical skills and his direct observations of her work. In his position as the supervising physician of Respondent Jewell at BFMA, Dr. Reisenweber's testimony as to the proposed treatment plan for decedent was relevant to the issue of whether Respondent Jewell was properly supervised by BFMA. In accord with the circuit court, we agree with respondents, and find no error.

In her fifth assignment of error, petitioner argues that the circuit court erred in denying her motion for judgment as a matter of law on the issue of comparative fault. We have long held that "[t]he appellate standard of review for the granting of a motion for a directed verdict pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo." Syl. Pt. 3, in part, *Brannon v. Riffle*, 197 W. Va. 97, 475 S.E.2d 97 (1996).

Petitioner argued that respondents did not present evidence that any actions by the decedent, such as delay in seeking follow-up medical treatment, were a proximate cause of his death. Accordingly, petitioner argues that she was entitled to a judgment as a matter of law on the issue of the decedent's comparative negligence. Conversely, respondents argue that this issue is not properly before this Court, as petitioner did not object to the trial court instructing the jury on this issue of comparative negligence or including a question on the verdict form regarding the negligence of the decedent. We agree with respondents.

This Court has long noted that "[i]t is a fundamental proposition of law that an appellate court generally will not entertain an alleged trial error unless it has been properly preserved at trial." *State v. Marple*, 197 W. Va. 47, 51, 475 S.E.2d 47, 51 (1996). In its order denying petitioner's motion for a new trial, the circuit court notes that petitioner did not renew her motion for judgment as a matter of law as to the issue of the decedent's comparative negligence within ten days following the entry of the judgment order and, therefore, waived the grounds for a post-judgment motion on this issue. Thus, we find that this issue was not properly preserved for appellate review. Furthermore, we find this issue to be moot as the jury found no liability against respondents. As such, it was not necessary for the jury to consider the decedent's comparative negligence. Based on the foregoing, we find no merit to petitioner's arguments in this regard.

Petitioner contends, in his eighth assignment of error, that during voir dire, respondents utilized one of their preemptory strikes to remove a juror from the panel who, like the decedent, was an African-American male. Petitioner contends that respondents' use of the strike was simply a pretext to keep an African-American male off the jury. In *Stephens v. Rakes*, 235 W. Va. 555, 775 S.E.2d 107 (2015), this Court, citing the ruling of the United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), noted that in order to establish purposeful discrimination in the selection of jurors, three elements must be proven:

> (1) there must be a prima facie case of improper discrimination (2) if a prima facie case is shown, the striking party must offer a neutral explanation for making the strike; and (3) if a neutral explanation is given, the trial court must determine whether the party opposing the strike has proven purposeful discrimination.

*Stephens*, 235 W. Va. at 570, 775 S.E.2d at 122.

Respondents dispute petitioner's allegations of purposeful discrimination in the selection of jurors and state that they provided a race neutral, non-discriminatory reason for striking the juror at issue. Said juror shared the same demographic profile as the decedent, in relation to age and occupation. As such, respondents argue that the juror would tend to identify with the decedent and his position. We note our precedent giving substantial deference to the circuit court's rulings. *See Parham v. Horace Mann Ins. Co.*, 200 W. Va. 609, 615, 490 S.E.2d 696, 702 (1997). Giving substantial deference to the circuit court's ruling, based upon our review of the record and the limited circumstances of this case, we find no merit to petitioner's claims of purposeful discrimination in jury selection.

In her final assignment of error, petitioner alleges cumulative error. Because we have found no error herein, we determine that this assignment need not be addressed. "[B]ecause we find that there is no error in this case, the cumulative error doctrine has no application. Cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors." *State v. Knuckles*, 196 W. Va. 416, 426, 473 S.E.2d 131, 141 (1996).

For the foregoing reasons, we affirm the circuit court's May 12, 2016, order denying petitioner's motion for new trial.

Affirmed.

**ISSUED:** September 1, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7